FILED _____ ENTERED
_____ _____ RECEIVED

APR 0 5 2000

..... U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CELINES AGUILAR,                 :
       Plaintiff                 :
                                 :
       v.                        :       Civil No. AMD 98-3312
                                 :
WILLIAM J. HENDERSON,            :
POSTMASTER GENERAL,              :
       Defendant                 :
                    ...o0o...

## MEMORANDUM

This employment discrimination case instituted by a postal worker, Celines Aguilar,

originally came before the court for a hearing on May 6, 1999, on the defendant's pre-

discovery motion to dismiss or for summary judgment. For the reasons stated on the record

during and after argument by counsel, I dismissed all claims except the claim for gender

harassment hostile work environment arising under Title VII of the Civil Rights Act of 1964,

42 U.S.C. §2000e *et seq.*, as to which I concluded plaintiff should be afforded an opportunity

for discovery to see if she could shore up her bare allegations. Discovery has now been

completed and defendant has filed a motion for summary judgment as to the remaining

claim.[1] No hearing is necessary. The motion shall be granted.

---

[1]Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242. 247 (1986). A fact is material for purposes of summary judgment if, when applied to the substantive law, it affects the outcome of the litigation. *Id.* at 248. A party

(continued...) 

Unquestionably, the rights and remedies provided by Title VII encompass protection from a hostile work environment based on gender. *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 73 (1986). To sustain a claim of hostile work environment sexual harassment under Title VII, a plaintiff must show that (1) the conduct alleged was unwelcome; (2) it was based on her sex or gender; (3) it was sufficiently severe or pervasive to alter her conditions of employment and to create an abusive or hostile work environment; and (4) it was imputable on some factual basis to her employer. *See Smith v. First Union Nat. Bank*, 202 F.3d 234, 241 (4th Cir. 2000); *Brown v. Perry*, 184 F.3d 388, 393 (4th Cir. 1999).[2] Defendant's contentions to the contrary notwithstanding, and although this is at best a weak case on the

---

[1](...continued)
opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. *Id.* at 248-49. The opposing party's "response, by affidavit or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Anderson.* 477 U.S. at 252. "The mere existence of a scintilla of evidence" will not support this finding. *Anderson*, 477 U.S. at 252. Summary judgment must be entered against a non-moving party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact....' " *Celotex*, 477 U.S. at 323. In deciding the motion, the Court must view all inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[2]The Supreme Court has clarified that when a supervisor is the architect of the hostile environment, absolute liability obtains. *See Ellerth*, 524 U.S. at 754-65. One seemingly disputed fact in this case is whether the principal architect of the hostile environment to which Aguilar was subjected was her "supervisor" for purposes of hostile environment law.

facts, presenting an extremely close question, I would deny the motion for summary judgment and conclude on the present record that Aguilar has projected sufficient evidence to get to the jury on her claim of hostile environment gender harassment.[3] The dispositive issue, however, is whether she timely exhausted her administrative remedies. She did not.

A federal employee must notify an EEO counselor within 45 days of the allegedly discriminatory act or personnel decision as a precondition to a later judicial action. *Jakubiak v. Perry*, 101 F.3d 23, 26-27 (4th Cir. 1996). A district court must dismiss an employment discrimination claim if the plaintiff fails to seek EEOC counseling within the prescribed time period. *See Zografov v. V.A. Medical Ctr.*, 779 F.2d 967, 968-70 (4th Cir. 1985).

It is undisputed that Aguilar did not seek EEOC counseling until July 9, 1996. Accordingly, she has timely exhausted only those claims of discrimination which accrued on or after 45 days before that date, i.e., May 25, 1996. It is also undisputed that the only event during that period that is arguably relevant to her claim of gender harassment was an incident which occurred on June 8, 1996. On that day, Aguilar requested of her supervisor, Curtis Warner, identified by Aguilar as the primary harassing person in the workplace, permission to be excused from a training session for medical reasons. Warner refused

---

[3]In sum, the Postal Service seems to have had a record of complaints of harassing conduct by Aguilar's putative supervisor, who had a reputation among some workers as profoundly biased against women workers. Moreover, there is direct evidence rising above a mere scintilla that during the period from February 1996 through the early spring, he treated Aguilar with a singular disrespect and harshness, some of which may have been related to her diagnosis of Pre-Menstrual Syndrome.

(hereafter, "the June 8, 1996 refusal").

Thus, the question presented is whether Aguilar may invoke the "continuing violation" theory whereby the June 8, 1996 refusal might be deemed an act of gender harassment similar to and essentially part and parcel of the on-going series of slights and other incidents which Aguilar describes as comprising the "hostile environment" on which she based her July 9, 1996, request for counseling, thus triggering her rights under Title VII. I am constrained to the conclusion that it may not be so regarded.[4]

In the 1999 hearing in this case on the pre-discovery motion for summary judgment, I interpreted the "continuing violation" doctrine generously and in a manner that would have permitted Aguilar to pursue a claim of hostile environment if the June 8, 1996 refusal, coupled with whatever might turn up during discovery, were sufficient to justify the conclusion that Aguilar experienced more than simply the continuing *impact* of her alleged mistreatment which occurred outside the 45-day period of limitations. *Cf. United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (U.S. 1977).

Discovery having failed to generate any evidence bolstering her claim of unlawful harassment, I am now convinced that the Fourth Circuit would not permit a single act such as the June 8, 1996 refusal to serve as the hook on which a plaintiff might prosecute what is

---

[4]To be sure, earlier episodes of unpleasantness between Aguilar and Warner were related to issues surrounding Aguilar's health and medical condition. This is too tenuous a basis, however, to fold the June 8, 1996 refusal into the ongoing disrespect for Aguilar in particular (and low regard for women generally) allegedly manifested by Warner, which evidence comprises the gravamen of Aguilar's hostile environment claim against the defendant.

-4-

otherwise an untimely claim of hostile work environment. The Court reasoned as follows in

*Beall v. Abbott Labs.*, 130 F.3d 614, 620-21 (4th Cir. 1997), in rejecting as untimely a claim

of hostile environment against a private employer:

> Beall claims she was subjected to sexual harassment due to a hostile work
> environment. To pursue this claim, Beall must have filed a complaint with the EEOC
> within 180 days of the incident, or within 300 days of the incident if state or local
> proceedings are initiated. 42 U.S.C. § 2000e- 5(e)(1) (1994). Incidents outside of the
> statutory window are time-barred unless they can be related to a timely incident as a
> "series of separate but related acts" amounting to a continuing violation. *Jenkins v.
> Home Ins. Co.*, 635 F.2d 310, 312 (4th Cir.1980) (per curiam).
>
> Beall's sexual harassment claim is time-barred. Beall filed her EEOC
> complaint on March 17, 1995. The only alleged incident that occurred during the 180
> days prior to March 17 is the November 1994 field visit in which [her supervisor]
> yelled at Beall while she was driving. Although perhaps revealing [the supervisor] to
> be "unpleasant and sometimes cruel," *this incident clearly is insufficient to give rise
> to a claim of harassment. Hartsell v. Duplex Prods., Inc.*, 123 F.3d 766, 772 (4th Cir.
> 1997). Title VII simply does not guarantee freedom from insensitive remarks that do
> not create an objectively abusive work environment. *See id.* at 772-73. Consequently,
> Beall cannot rely on time-barred events under the "continuing violation" theory
> because no timely violation has been alleged. *Woodard v. Lehman*, 717 F.2d 909, 915
> (4th Cir. 1983) (continuing violation theory available "only where an actual violation
> has occurred within that requisite time period")(emphasis added; footnote omitted).

*And see Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 281 n.15 (4th Cir. 2000); *Young v. Sheetz,

Inc.*, 998 F.Supp. 670, 673 (W.D.Va. 1998)("*Beall* required an act sufficient to constitute

sexual harassment be alleged to have occurred within the 180-day period . . . .").[5]

---

[5]Even if the June 8, 1996 refusal were evaluated as a potential violation of Title VII under
a disparate treatment theory, rather than a hostile environment theory, it would still not constitute
a violation of Title VII within the relevant period of limitations because, considered as an
intentional act of discriminatory treatment on the basis of gender, it fails the "adverse action"
requirement applicable to disparate treatment claims. *See Leskinen v. Utz Quality Foods, Inc.*, 30
F.Supp.2d 530, 533 (D.Md.), *aff'd*, 165 F.3d 911 (4th Cir. 1998)(table).

As in *Beall*, the June 8, 1996 refusal perhaps "reveal[ed Warner] to be 'unpleasant and

sometimes cruel,'" but this incident cannot reasonably be interpreted as "an actual violation"

of Title VII. *Beall*, 130 F.3d at 621 (quoting *Woodard v. Lehman*, 717 F.2d 909, 915 (4th

Cir. 1983)). Accordingly, the motion for summary judgment shall be granted. An order

follows.

Filed: April 5, 2000

ANDRÉ M. DAVIS
United States District Judge

-6-